IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MINETTA BOWMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Civil Action No. 9-1083 |
| | ) | |
| FREMIET COLOMER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

AMBROSE, Senior District Judge

## OPINION
and
## ORDER OF COURT

A mother and her minor daughter were out driving on a wintery day. In a horrible turn of events, a tractor-trailer driven by Defendant Fremiet Colomer crashed into their van. The Plaintiff-Daughter suffered extensive and permanent injuries. Plaintiff-Family has sued Colomer – contending that he was negligent for operating his tractor trailer in an unsafe manner in wintery conditions. The Family has also sued Defendant Fleitas Transport, Inc. ("Fleitas"), which owned the tractor-trailer and for whom Colomer worked as an independent contractor; Defendant Trans Pro Freightways, Inc. ("Trans Pro"), who hired Colomer through Fleitas; and Defendant Simplex Group, Inc., which provided services to Trans Pro related to maintaining paperwork for driver compliance with DOT

regulations and providing drug testing.[1] Plaintiff-Husband also asserted a claim against all the Defendants for loss of consortium.

The Family has filed a Motion for Partial Summary Judgment with respect to Defendant Colomer. <u>See</u> ECF No. [56]. The Family contends that Colomer was negligent as a matter of law both because he violated the assured clear distance rule and because he failed to stop at a red light. Colomer believes genuine issues of material fact exist, both as to the application of the assured clear distance rule and the running of a red light, which prevent the issuance of judgment.

After careful consideration, and for the reasons set forth below, I agree that the entry of judgment at this procedural stage is premature. Accordingly, the Motion for Partial Summary Judgment is denied.

<u>Standard of Review</u>

Summary judgment may only be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material facts and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). A fact is material when it might affect the outcome of the suit under the governing law. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986). Rule 56 mandates the entry of judgment, after adequate time for discovery and upon motion, against the party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322 (1986).

---

[1] The Plaintiff Family asserted claims of vicarious liability, direct negligence and negligence per se against each of these Defendants.

In considering a motion for summary judgment, the Court must examine the facts in the light most favorable to the party opposing the motion. International Raw Materials, Ltd. v. Stauffer Chemical Co., 898 F.2d 946, 949 (3d Cir. 1990). The burden is on the moving party to demonstrate that the evidence is such that a reasonable jury could not return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. Where the nonmoving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing that the evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial. Celotex, 477 U.S. at 322. Once the moving party satisfies its burden, the burden shifts to the nonmoving party, who must go beyond its pleadings, and designate specific facts by the use of affidavits, depositions, admissions, or answers to interrogatories showing that there is a genuine issue for trial. Id. at 324.

## Analysis

As stated above, the Family argues that Colomer was negligent as a matter of law. They offer two bases in support of their argument: (1) Colomer's alleged violation of the assured clear distance rule; and (2) Colomer's alleged failure to stop at a red light. I find genuine issues of material fact exist with respect to both contentions.

### A. Assured Clear Distance Rule

The assured clear distance rule is a statutory doctrine in Pennsylvania which essentially requires a driver to be able to control the speed of his / her vehicle so that he / she will be able to stop within the distance of whatever may reasonably be expected to be within the driver's path. The statute provides:

> No person shall drive a vehicle at a speed greater than is reasonable and
> prudent under the conditions and having regard to the actual and potential

> hazards then existing nor at a speed greater than will permit the driver to bring his vehicle to a stop within the assured clear distance ahead. Consistent with the foregoing, every person shall drive at a safe and appropriate speed when approaching and crossing an intersection or railroad grade crossing, when approaching and going around a curve, when approaching a hill crest, when traveling upon any narrow or winding roadway and when special hazards exist with respect to pedestrians or other traffic or by reason of weather or highway conditions.

Pa C.S.A. § 3361. Because the statute references weather and road conditions, the Family urges that Colomer was negligent in not having taken the highway conditions such as snow into consideration when selecting a rate of speed at which to drive.

Despite the statute's explicit reference to "weather" and "highway conditions," I find Colomer's alleged negligence is a matter for the jury to decide. The question is whether Colomer was driving at a speed greater than was reasonable and prudent given the weather and road conditions. This is inherently a factual question. See Fish v. Gosnell, 316 Pa. Super. 565, 581, 463 A.2d 1042, 1051 (1983) (stating that "[t]he applicability of the assured clear distance ahead rule is generally a question of fact for the jury, especially if the facts are disputed or dependent upon the credibility of oral testimony."). Simply because the road had a blanket covering of snow on it does not mean that the speed at which Colomer was driving was neither reasonable nor prudent. Indeed, Colomer's testimony is that he was going approximately 35 miles per hour when the posted speed limit was 45 miles per hour. See ECF Docket No. 63-1, p. 36-37 and Rice v. Swift Transp. Co, Inc., Civ. No. 8-270, 2010 WL 4340379 at * 5 (W.D. Pa. Oct. 26, 2010 (stating that the interpretation of the assured clear distance rule in light of the facts and circumstances of the case is an issue for the trier of fact). Contrary to the Plaintiff Family's suggestions, "*[a]ssured* clear distance does not mean *guaranteed*."

See Lockhart v. List, 542 Pa. 147, 149, 665 A.2d 1176, 1179 (1995)(emphasis in original), quoting, Fleischman v. City of Reading, 388 Pa. 183, 185-6, 130 A.2d 429, 431 (1957).  Consequently, insofar as the Motion for Partial Summary Judgment is predicated upon the assured clear distance rule, it is denied.

      B.  The Failure to Stop at the Red Light

The Family argues, in the alternative, that Colomer was negligent per se because he failed to stop at a steady red light. See ECF No. 56, p. 4.   The Family's factual premise is faulty.  Genuine issues of material fact exist as to whether or not the light was red at the time Colomer entered the intersection. Colomer's testimony – which is the only testimony submitted to me on the record – is not entirely clear. See ECF No. 63-1, p. 40 (stating that, while the truck was driving down the hill, he looked up and saw a traffic light turning from green to yellow), p. 41 (noting a yellow traffic light), p. 46 (stating that he has no idea how close the truck was to the intersection when the light turned red) and ECF No. 63-2, p. 67 (stating that he did not remember whether the traffic light was red when he entered the intersection).  This testimony does not amount to a clear admission of fact that Colomer ran a red light or that he was negligent under the circumstances.  This is a factual matter for a jury to decide.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MINETTA BOWMAN, et al., )
)
    Plaintiffs, )
)
vs. ) Civil Action No. 9-1083
)
FREMIET COLOMER, et al., )
)
    Defendants. )

AMBROSE, Senior District Judge

ORDER OF COURT

AND NOW, this 1st day of March, 2011, after careful consideration, and for the reasons set forth in the accompanying Opinion, the Motion for Partial Summary Judgment (See ECF No. [56]) is DENIED.

        By the Court:
        /s/ Donetta W. Ambrose
        Donetta W. Ambrose
        Senior Judge, U.S. District Court