IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MINETTA BOWMAN and DAVID FEYRER, individually and as the Parents and guardians of D.F., a minor Child, </br></br>  Plaintiffs, </br></br> vs. </br></br> FREMIET COLOMER, FLEITAS TRANSPORT, INC., TRANS PRO FREIGHTWAYS, INC., THE SIMPLEX GROUP, INC., AND ELECTRIC INSURANCE COMPANY </br></br>  Defendants. | Civil Action No. 09-1083 |

AMBROSE, Senior District Judge

## ORDER OF COURT

Plaintiffs filed a Motion in Limine seeking to preclude the Defendants from calling Richard Katz and Gary Brewer as expert witnesses. See ECF Docket No. [157]. The Plaintiffs urge that the Defendants' failure to identify Dr. Katz and Mr. Brewer as witnesses in accordance with Federal Rule of Civil Procedure 26, and to provide expert reports in a timely manner, mandates the preclusion of any testimony at trial by Dr. Katz and Mr. Brewer.

"[U]nder Federal Rule of Civil Procedure 37(c)(1), when 'a party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [that party] shall not, unless such failure is harmless, be permitted to use as evidence at trial … any witness or information not so disclosed.'" Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000), *quoting*, Fed. R. Civ. P. 37. To determine whether the exclusion of evidence is appropriate, the court should consider a number of factors, including: (1) the prejudice or surprise of the party against whom the evidence is sought to be admitted; (2) the ability of the party to cure that prejudice; (3) whether permitting the admission of the evidence would disrupt the orderly and efficient trial of the case; and (4) whether the party acted in bad faith or willful defiance of a court order. See Nicholas, 227 F.3d at 148, *citing*, Konstantanopoulos v. Westvaco Corp. 112 F.3d 710, 719 (3d Cir. 1997). Here, the Plaintiffs contend that they would suffer prejudice if Dr. Katz and Mr. Brewer were allowed to testify; that there is no means of curing such prejudice; and that permitting them to testify would disrupt the trial. For the reasons set forth below, I disagree.

Though the Plaintiffs claim to be caught off guard by the possibility that Dr. Katz and Mr. Brewer might be testifying, former co-Defendant, The Simplex Group, Inc. did timely identify both individuals as experts in its disclosures and timely provided expert reports. Indeed,

Plaintiffs even deposed Mr. Brewer. Clearly then, Plaintiffs cannot have been surprised by Dr. Katz's and Mr. Brewer's involvement in and participation in this case. They have had the expert reports for months now.

Plaintiffs also contend that permitting the Defendants to call Dr. Katz and Mr. Brewer will prejudice the preparation of their case and that such preparation cannot be cured at this date. I disagree. As stated above, Plaintiffs have already taken Mr. Brewer's deposition. Further, Plaintiffs previously had scheduled Dr. Katz's deposition. Though they urge that the deposition was cancelled on June 7, 2011 based upon a settlement reached with Simplex, the Court did not receive a stipulation of dismissal regarding Plaintiffs' claims against Simplex until July 28, 2011. See ECF Docket No. [154]. Further, Plaintiffs claim to have "prepared for trial" based upon the assumption that the Defendants were not contesting damages.[1] Yet, until July 28, 2011, when the Stipulation of Dismissal of Simplex was filed, Simplex remained in this case and Simplex clearly contested damages. Even if the parties were in negotiations for settlement and Plaintiffs reasonably expected a settlement to be reached, their decision to forego Dr. Katz's

---

[1] The Plaintiffs contend that at the June 23, 2011 conference, a discussion was had during which the Defendants stated that they were not contesting damages, only liability. See ECF Docket No. [165-1], p. 2. The Court does not recall this conversation and it is not memorialized in the Hearing Memo covering that conference. See ECF Docket No. [151]. Given the importance of this alleged concession, a confirmatory letter would have been prudent.

deposition and to prepare for trial with the expectation that damages would not be disputed was strategic in nature. Occasionally, strategic decisions turn out to be misguided.

Further, there is time to cure any prejudice without disrupting the previously set schedule. Trial will begin on October 17, 2011. There is ample time for Dr. Katz to be deposed and for the Plaintiffs to make any necessary adjustments in their trial preparation. Additionally, though the Plaintiffs contend that the time allotted for trial was based upon a trial only on liability and not on damages, at the time the trial date was picked, Simplex had not been dismissed from this case. As such, damages were still an issue. I am confident that the parties can complete the trial in the time allotted.

Finally, I must consider the issue of bad faith. There is nothing in the record to suggest that the Defendants acted in bad faith by failing to identify Dr. Katz and Mr. Brewer as expert witnesses. Indeed, the Plaintiffs do not allege bad faith or otherwise suggest that the Defendants acted in willful defiance of an Order of Court.

Consequently, I find that the Defendants' failure to identify the experts earlier in this litigation does not merit the exclusion of Dr. Katz and Mr. Brewer as expert witnesses. Rather, the Plaintiffs shall be permitted to depose Dr. Katz on the matters set forth in the expert reports which were, in fact, timely provided.

AND NOW, this 29th day of August, 2011, after careful consideration, the Plaintiffs'

Motion in Limine to Preclude Defendants From Calling Richard Katz and Gary Brewer as Expert

Witnesses (ECF Docket No. [157]) is DENIED.

                                                                By the Court:

                                                                <u>/s/ Donetta W. Ambrose</u>

                                                                Donetta W. Ambrose

                                                                Senior Judge, U.S. District Court