IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MINETTA BOWMAN and DAVID FEYRER, individually and as the Parents and guardians of D.F., a minor Child, | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Civil Action No. 09-1083 |
| FREMIET COLOMER, FLEITAS TRANSPORT, INC., TRANS PRO FREIGHTWAYS, INC., THE SIMPLEX GROUP, INC., AND ELECTRIC INSURANCE COMPANY | ) ) ) ) ) ) | |
| Defendants. | ) | |

AMBROSE, Senior District Judge

ORDER OF COURT

The Defendants filed a Motion to Strike Plaintiffs' Rebuttal Expert, Robert Johnson. See ECF Docket No. [149]. The Motion is predicated upon the Plaintiffs' failure to disclose Johnson as an "expert" in accordance with the dates set forth in this Court's Order dated October 28, 2010. See ECF Docket No. [49]. That Order required Plaintiffs to designate experts by January 17, 2011. The Plaintiffs disclosed Johnson as a "rebuttal expert" on May 23, 2011. See ECF

1

Docket No. [143]. In addition to challenging the timeliness of the disclosure, the Defendants also argue that Johnson's report is not strictly "rebuttal" in nature.

After careful consideration, I reject the Defendants' first challenge but find their second more persuasive. I agree that Johnson was not identified as an expert at the time specified in my Order of Court. Yet the Case Management Order did not specifically address the issue of rebuttal experts and the Plaintiffs could not have been expected to disclose a rebuttal expert in advance of the Defendants' expert disclosures. The Defendants identified their experts on April 8. 2011. See ECF Docket No. [127]. Federal Rule of Civil Procedure 26(a)(2)(D)(ii) provides that, unless otherwise specified by court order, rebuttal experts must be disclosed within thirty days of the other party's disclosures. Though the Plaintiffs missed this deadline by approximately two weeks, I find that their misstep was not fatal.

"[U]nder Federal Rule of Civil Procedure 37(c)(1), when 'a party without substantial justification fails to disclose information required by Rule 26(a) or 26(e)(1) [that party] shall not, unless such failure is harmless, be permitted to use as evidence at trial … any witness or information not so disclosed.'" Nicholas v. Pennsylvania State University, 227 F.3d 133, 148 (3d Cir. 2000), *quoting*, Fed. R. Civ. P. 37. To determine whether the exclusion of evidence is appropriate, the court should consider a number of factors, including: (1) the prejudice or

surprise of the party against whom the evidence is sought to be admitted; (2) the ability of the party to cure that prejudice; (3) whether permitting the admission of the evidence would disrupt the orderly and efficient trial of the case; and (4) whether the party acted in bad faith or willful defiance of a court order. See Nicholas, 227 F.3d at 148, *citing*, Konstantanopoulos v. Westvaco Corp. 112 F.3d 710, 719 (3d Cir. 1997).

Here, although the Defendants may have been somewhat surprised by the submission of a rebuttal expert, they received the report approximately five months prior to trial. Any further prejudice can be eliminated by permitting them to take Johnson's deposition. Further, I do not believe Johnson's participation will disrupt the orderly and efficient trial of the case. His testimony is limited to rebuttal only and should not be time consuming. Finally, although the Plaintiffs were dilatory in identifying Johnson as an expert and producing his report, nothing in the record suggests that the two week delay was motivated by bad faith. Accordingly, the Plaintiffs' failure to identify Johnson as an expert in accordance with the dates set forth in the Case Management Order does not mandate the exclusion of either his testimony or his report.

As stated above, however, I do agree with the Defendants' second contention. Johnson's report is not strictly a rebuttal report. It interjects new items of damages. Johnson devotes a significant portion of his report to detailing various "wage loss scenarios" suffered by

the minor Plaintiff. See ECF Docket No. [161-1]. This is the first time, to the Court's knowledge, that expert testimony has been offered on the issue of her lost wages. Johnson's report is offered as a rebuttal to Brewer's and Katz's reports, but neither of those reports contain any economic forecasts of the minor-Plaintiff's wage losses. Accordingly, I agree with the Defendants that any such testimony goes beyond the scope of rebuttal and will not be permitted.

AND NOW, this 29th day of August, 2011, after careful consideration, the Defendants' Motion in Limine (see ECF Docket No. [149]) is granted in part and denied in part. It is denied insofar as I will permit the Plaintiffs to use Johnson as an expert provided that the Plaintiffs make Johnson available for a deposition forthwith. The Motion is granted, however, insofar as the scope of Johnson's testimony (and the use of his report), is limited in nature. The Plaintiffs are not permitted to elicit any testimony from Johnson or use his report in any way relating to the minor-Plaintiff's wage losses.

By the Court:
/s/ Donetta W. Ambrose
Donetta W. Ambrose
Senior Judge, U.S. District Court